TOMAS C. LEON
(CA SBN 321117)
tommie@leon.law
(909) 616-5969
LEON LAW, LLP
1145 W. 55th Street
Los Angeles, CA 90037
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVEL ASSETS, INC., and GREGG GORSKI,<br><br>Plaintiffs,<br><br>v.<br><br>TRIPPYHITZS, INC., BHAWANI PANDEY, and RAJESH PANDEY,<br><br>Defendants. | No. 2:25-cv-09278<br><br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |

The Plaintiffs, TRAVEL ASSETS, INC. d/b/a SMOKEBUDDY (hereinafter referred to as "TRAVEL ASSETS") and GREGG GORSKI, by and through their undersigned counsel, hereby files this, their Complaint against the Defendants, TRIPPYHITZS, INC. d/b/a TRIPPYHITZ, BHAWANI PANDEY, and RAJESH PANDEY (hereinafter collectively referred to as "OWNERS"), and alleges, as follows:

### Jurisdictional Allegations

1.    This is a civil action against the Defendants for trademark infringement

1

and counterfeiting and false designation of origin, under the Lanham Act (15 U.S.C. § 1051 *et. seq.*).

2.      This Court has subject matter jurisdiction over the claims in this action that relate to trademark infringement, counterfeiting, and false designation of origin pursuant to the provisions of 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1332, and 1338.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that the Defendants reside in this district, the cause of action occurred in this district, and a substantial part of the events or omissions giving rise to these claims occurred in this judicial district, and Defendants have extensive contacts with this judicial district relating to TRAVEL ASSETS and GREGG GORSKI's claims.  The Defendants conduct regular and systematic business transactions in this judicial district, including direct sales to consumers in this judicial district, which violate the intellectual property rights of TRAVEL ASSETS.

**Parties**

4.      TRAVEL ASSETS, INC., d/b/a SMOKEBUDDY, is a corporation that is organized and existing under the laws of the State of Nevada that has its principal place of business at 11662 Tuxford Street, Sun Valley, California 91352.  TRAVEL ASSETS is the exclusive licensee of the SMOKEBUDDY trademarks and SMOKEBUDDY trade dress.

5.      GREGG GORSKI is an individual who resides in Nye County, Nevada.

2

GREGG GORSKI is the owner of TRAVEL ASSETS, INC and is the assignee of the SMOKEBUDDY trademarks and SMOKEBUDDY trade dress.

6.      TRIPPYHITZS, INC. (hereinafter referred to as "TRIPPYHITZS") is a corporation that was organized and existing under the laws of the State of California and has its principal place of business at 336 East 3rd Street, Los Angeles, California 90013. OWNERS owns and operates the TRIPPYHITZS at that location. TRIPPYHITZS is a citizen of California.

7.      BHAWANI PANDEY is domiciled in and a resident of Los Angeles, California, and is *sui juris.* BHAWANI PANDEY is a citizen of California and regularly conducts and solicits business in the State of California (including this Judicial District).    BHAWANI PANDEY is an owner of TRIPPYHITZS. BHAWANI PANDEY controls and directs the activities, including the infringing activities, of the Defendant TRIPPYHITZS.

8.      RAJESH PANDEY is domiciled in and a resident of Los Angeles, California, and is *sui juris.* RAJESH PANDEY is a citizen of California and regularly conducts and solicits business in the State of California (including this Judicial District).  RAJESH PANDEY is an owner of TRIPPYHITZS.  RAJESH PANDEY controls and directs the activities, including the infringing activities, of the Defendant TRIPPYHITZS.

**Facts Common to All Counts**

**The History of The SMOKEBUDDY Brand.**

3

9.    Since 2008, TRAVEL ASSETS has marketed and sold products using the well-known trademark "SMOKEBUDDY."  The SMOKEBUDDY branded products relate to high-quality, personal air filters which eliminate smoke, odors and pollutants and reduce their impact on non-smokers and the environment.  Indeed, the SMOKEBUDDY brand is one of the leading companies in the industry, known for high quality products.

10.    For approximately seventeen years, TRAVEL ASSETS and GREGG GORSKI have worked to distinguish the SMOKEBUDDY brand as the premier manufacturer and producer of personal air filters by emphasizing the brand's unwavering use of quality materials and focusing on scientific principles which facilitate a superior infusing experience.  SMOKEBUDDY branded products embody a painstaking attention to detail, which is evident in many facets of genuine SMOKEBUDDY branded products.  It is precisely because of the unyielding quest for quality and unsurpassed innovation that SMOKEBUDDY branded products have a significant following and appreciation amongst consumers in the United States and internationally.

11.    As a result of the continuous and extensive use of the trademark "SMOKEBUDDY," TRAVEL ASSETS' owner, GREGG GORSKI, was granted both valid and subsisting federal statutory and common law rights to the SMOKEBUDDY trademark.

4

12.    TRAVEL ASSETS is the exclusive licensee of United States trademarks, which are registered on the Principal Register and assigned to TRAVEL ASSETS' owner, GREGG GORSKI.  The following is a list of TRAVEL ASSETS and GREGG GORSKI's relevant federally registered trademarks:

a.    U.S. Trademark Registration Number 3,850,687 for the standard character mark "SMOKE BUDDY" for use on association with goods further identified in registration in international class 034 for smoking device, tobacco smoke filter.  U.S. Trademark Registration Number 3,850,687's registration is incontestable.

b.    U.S. Trademark Registration Number 5,819,872 for the standard character mark "smokebuddy" in association with goods further identified in the registration in international class 034 for smoking device, namely, smoke filters for capturing smoke exhaled by a use.

c.    U.S. Trademark Registration Number 5,828,631 for a design mark comprising a cartoon character in association with goods further identified in the registration in international class 034 for smoking devices, namely, smoke filters for capturing smoke exhaled by a user.  U.S. Trademark Registration Number 5,828,631 for a cartoon character is depicted below:

LEON LAW, LLP



d.  U.S. Trademark Registration Number 6,145,526 for trade dress of a three-dimensional configuration of a distinctive smoke filter in association with goods further identified in the registration in international class 011 for smoking device, namely, smoke filters for capturing smoke exhaled by a user.



6

13.     The above U.S. registrations are valid, subsisting and in full force and effect.  True and correct copies of the Trademark Registrations are attached hereto and marked as Exhibit "A." Hereinafter, TRAVEL ASSETS utilizes the phrase "SMOKEBUDDY Marks" to refer to, collectively, TRAVEL ASSETS' federally registered, above-listed trademarks.

14.     The Plaintiff, GREGG GORSKI, is the owner of the above U.S. Trademark registrations.  GREGG GORSKI has granted an exclusive license for all rights to the SMOKEBUDDY Marks to the Plaintiff, TRAVEL ASSETS.

**The SMOKEBUDDY Brand in the United States.**

15.     TRAVEL ASSETS and GREGG GORSKI have used the SMOKEBUDDY Marks in commerce throughout the United States, continuously, since 2008, in connection with the manufacturing and sale of personal air filters.

16.     The SMOKEBUDDY Marks are distinctive to both the consuming public and the Plaintiffs' trade.  TRAVEL ASSETS' SMOKEBUDDY branded products are made from superior materials.  The superiority of SMOKEBUDDY branded products is not only readily apparent to consumers, but to industry professionals as well.

17.     The SMOKEBUDDY Trademarks are exclusive to TRAVEL ASSETS and appear clearly on TRAVEL ASSETS SMOKEBUDDY Products, as well as on the packaging and advertisements related to the products.  TRAVEL ASSETS has expended substantial time, money, and other resources in developing, advertising,

7

and otherwise promoting and protecting these Trademarks.  As a result, products bearing TRAVEL ASSETS' SMOKEBUDDY Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from TRAVEL ASSETS.

18.    Since 2008, TRAVEL ASSETS and GREGG GORSKI have worked to build significant goodwill in the SMOKEBUDDY brand in the United States. TRAVEL ASSETS and GREGG GORSKI have spent substantial time, money, and effort in developing consumer recognition and awareness of the SMOKEBUDDY brand, via point of purchase materials, displays, through their websites, attending industry trade shows, through social media promotion, and sponsorship of sports competitions including a racing team.



19.    TRAVEL ASSETS and GREGG GORSKI pioneered the practice of selling air filters with a free give-away keychain.  Consequently, consumers have come to closely associate the SMOKEBUDDY Trademarks with SMOKEBUDDY

8

air filters.  In fact, the SMOKEBUDDY TRADEMARKS have become so well-known that TRAVEL ASSETS has employed a mascot costumed as its U.S. Trademark Registration No. 5,828,631 at trade shows.  Consumers who have recognized the mascot at these trade shows affectionately referred to the mascot as "the SMOKEBUDDY guy."



20.    TRAVEL ASSETS' SMOKEBUDDY Products have become some of the most popular of their kind in the world and have also been the subject of extensive unsolicited publicity resulting from their high-quality and innovative designs. Because of these and other factors, the SMOKEBUDDY brand, and TRAVEL ASSETS' SMOKEBUDDY Trademarks are famous throughout the United States.

21.    In fact, TRAVEL ASSETS' SMOKE BUDDY Products have been praised and recognized by numerous online publications, as well as publications directed to the general public.

9

22.    TRAVEL ASSETS sells its products under the SMOKEBUDDY Marks to authorized stores in the United States, including in California.    As such, SMOKEBUDDY branded products reach a vast array of consumers throughout the country.

23.    It is because of the recognized quality and innovation associated with the SMOKEBUDDY Marks that consumers are willing to pay higher prices for genuine TRAVEL ASSETS products.

24.    It is exactly because of their higher sales value that SMOKEBUDDY branded products are targeted by counterfeiters.    The counterfeiters tarnish the SMOKEBUDDY brand by unlawfully selling air filters that have identical, or nearly identical, versions of the SMOKEBUDDY Marks affixed to products that are made with inferior or different materials, thereby leading to significant illegitimate profits by counterfeiters such as the Defendants in the instant case.

25.    In essence, the Defendants mislead consumers by selling in their stores low grade products that take a free ride on the goodwill of the SMOKEBUDDY brand, and in turn, the Defendants reap ill-begotten profits.  The Defendants' offering for sale of counterfeit SMOKEBUDDY products contributes to the complete flooding of the marketplace with SMOKEBUDDY counterfeit products, which results in lost sales and damages to TRAVEL ASSETS and irreparable harm to the SMOKEBUDDY brand's image.

26.    The sale of the counterfeit products also cause harm to TRAVEL

10

ASSETS in that legitimate store owners will not purchase authentic SMOKEBUDDY air filters when stores selling counterfeit products are selling products which appear to be identical and at half the price which authentic products can be sold.

27.    Unfortunately, the current U.S. marketplace is saturated with counterfeit SMOKEBUDDY products – just like those OWNERS, through his store, TRIPPYHITZS,  is offering for sale.  As such, TRAVEL ASSETS and GREGG GORSKI have been forced to scrupulously enforce its rights in order to protect the SMOKEBUDDY Marks against infringement.  By exercising its Enforcement Rights, TRAVEL ASSETS and GREGG GORSKI have proactively and successfully policed the unauthorized use of the SMOKEBUDDY Marks and/or counterfeit SMOKEBUDDY branded products nationwide.

**Defendants' Counterfeiting and Infringing Activities**

28.    The Defendants operate a retail smoke shop and distribution store through which they sell tobacco products, and other smoking related devices.  In fact, the Defendant, OWNERS operate at least two other distributors of smoke shop products including Lotus Glass and Three N's Deep, and had offered for sale and sold counterfeit goods displaying the trademarks of other brands.  *See GS Holistic, LLC v. Pandey Group Inc et al.,* Civil Case No. 2:24-cv-08580-PA-MAA in the Central District of California.

29.    The Defendants have offered for sale counterfeit SMOKEBUDDY

LEON LAW, LLP

products, which display the SMOKEBUDDY trademarks and without the consent of TRAVEL ASSETS.   In fact, they have offered counterfeit air filters bearing imitations of the SMOKEBUDDY Trademarks that were not made or authorized by TRAVEL ASSETS.  These are hereinafter the "Counterfeit Goods."

30.    Nevertheless, the Defendants have offered for sale in commerce the Counterfeit Goods, specifically, the Defendants have offered for sale reproductions, counterfeits, copies and/or colorable imitations of one or more of the SMOKEBUDDY Marks (hereinafter the "Infringing Marks"), detailed above.

31.    The Defendants have, without the consent of either TRAVEL ASSETS or GREGG GORSKI, offered for sale in their store, the Counterfeit Goods bearing the Infringing Marks, bearing the likeness of the SMOKEBUDDY Trademarks in the United States.

32.    The marks affixed to the Counterfeit Goods that the Defendants have offered for sale are spurious marks which are identical with, or substantially indistinguishable from, the SMOKEBUDDY Trademarks.   The marks on the Counterfeit Goods are in fact counterfeit marks as defined in 15 U.S.C. § 1116(d).

33.    Moreover, the products upon which the Counterfeit Marks are affixed are almost identical to authentic products, so the offering for sale of the almost identical products with indistinguishable marks causes confusion in the marketplace among consumers.

34.    The Defendant TRIPPYHITZS has offered for sale Counterfeit

12

SMOKEBUDDY air filters displaying each of the four aforementioned SMOKEBUDDY trademarks.

35.    As shown below, the Defendants have offered for sale their counterfeit SMOKEBUDDY air filters at TRIPPYHITZS's location.



36.    Specifically, on June 12, 2024 a customer of TRIPPYHITZS purchased two air filters displaying each of the four aforementioned SMOKEBUDDY trademarks for a total of $13.00 ($6.00 to $7.00 per unit).  Upon later becoming concerned as to the authenticity of the air filters purchased from TRIPPYHITZS, the customer later sent photographs and a copy of the invoice to TRAVEL ASSETS in order to verify the authenticity of the products he purchased from TRIPPYHITZS. A true and correct copy of the June 12, 2024 customer invoice from TRIPPYHITZS describing the counterfeit SMOKEBUDDY air filters as "body" is attached hereto and marked as Exhibit "B."

13

37.     Moreover, on June 21, 2024 an additional customer of TRIPPYHITZS purchased six air filters displaying each of the four aforementioned SMOKEBUDDY trademarks for a total of $36.00 ($6.00 per unit).  Upon later becoming concerned as to the authenticity of the air filters purchased from TRIPPYHITZS, the second customer sent photographs and a copy of the invoice to TRAVEL ASSETS in order to verify the authenticity of the products he purchased from TRIPPYHITZS.  A true and correct copy of the June 21, 2024 customer invoice from TRIPPYHITZS describing the counterfeit SMOKEBUDDY air filters as "body" is attached hereto and marked as Exhibit "C."

38.     Upon review of the photographs provided by TRIPPYHITZS' customers, TRAVEL ASSETS and GREGG GORSKI determined that the products were counterfeit because the Defendants' copying is so blatant that they even copy one of the Universal Product Codes ("UPCs") for one of the SMOKEBUDDY air filters, all with the intent to deceive customers.  Upon TRAVEL ASSETS' request, TRIPPYHITZS' customers sent the counterfeit SMOKEBUDDY air filters to TRAVEL ASSETS to safeguard as evidence.

39.     The Defendants' air filters are virtually identical with, or substantially indistinguishable from, the SMOKEBUDDY air filters, as shown below:



| Genuine SMOKEBUDDY Air Filter | Defendants' Counterfeit SMOKEBUDDY Air Filter |
| Front View of Genuine Packaging Card | Front View of Defendants' Packaging Card |

15

| Rear View of Genuine Packaging Card | Rear View of Defendants' Packaging Card |
|---|---|
|  | |

40.     As seen in the pictures, the Counterfeit Goods displayed all four of SMOKEBUDDY's marks on it: U.S. Trademark Registration Number 3,850,687; U.S. Trademark Registration Number 5,819,872; U.S. Trademark Registration Number 6,145,526; and U.S. Trademark Registration Number 5,828,631. The Defendants' use of the Counterfeit Marks is substantially indistinguishable, if not identical, to TRAVEL ASSETS' registered SMOKEBUDDY trademarks.

41.     OWNERS authorized, directed, and/or participated in TRIPPYHITZS's offer for sale, in commerce, of the Counterfeit Goods.  OWNERS's acts were a moving, active, and conscious force behind TRIPPYHITZS's infringement of the SMOKEBUDDY Trademarks.

42.     The Defendants' use of the counterfeit SMOKEBUDDY Trademarks began after the registration of the SMOKEBUDDY Trademarks.  Neither GREGG

GORSKI, TRAVEL ASSETS, nor any of its authorized agents, have consented to the Defendants' use of the SMOKEBUDDY Trademarks, or any use of reproductions, counterfeits, copies and/or colorable imitations thereof.

43.   The Defendants, OWNERS, either personally acquired the Infringing Products or authorized a subordinate employee to acquire Infringing Products. Nonetheless, OWNERS, directed TRIPPYHITZS's offer for sale of the Infringing Products.  OWNERS' acts were a moving, active, and conscious force behind TRIPPYHITZS's infringement of the SMOKEBUDDY Trademarks.  As owners and operators of the Defendant, TRIPPYHITZS, OWNERS therefore, self purportedly direct the actions of TRIPPYHITZS.  At all material times, OWNERS had the right and ability to make policies and control what products are displayed on shelves and offered for sale to consumers.  The Defendants, OWNERS, participated to these infringing acts by allowing the Defendant TRIPPYHITZS to display and offer for sale counterfeit SMOKEBUDDY products at its location.

44.   At all material times, OWNERS had the ultimate decision making authority over the acquisition of the counterfeit SMOKEBUDDY air filters and TRIPPYHITZS's infringement of the SMOKEBUDDY Trademarks.

45.   The Defendants' use of the counterfeit SMOKEBUDDY Trademarks began after the registration of the SMOKEBUDDY Trademarks.  Neither GREGG GORSKI, TRAVEL ASSETS, nor any of its authorized agents, have consented to the Defendants' use of the SMOKEBUDDY Trademarks, or any use of

17

reproductions, counterfeits, copies and/or colorable imitations thereof.

46.    The Defendant, OWNERS, was aware, or should have been aware, or was willfully blind of these infringing activities.   Furthermore, the Defendant OWNERS had an obligation and ability to control and stop these infringements, but failed to do so.  Indeed, the Defendant, OWNERS did not want the infringement to stop as, upon information and belief, he received direct financial benefits from the infringement.  These acts and failures to act by OWNERS materially contributed to the infringement.

47.    The unauthorized offering for sale by TRIPPYHITZS, under the authority, direction and/or participation of OWNERS, of the Counterfeit Goods was an unlawful act in violation of the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a).

48.    The offer for sale by the Defendants of the Counterfeit Goods bearing the Infringing Marks has caused SMOKEBUDDY to suffer losses and is likely to cause damage to the goodwill and reputation associated with the SMOKEBUDDY Trademarks, which are owned by GREGG GORSKI and exclusively licensed to Mr. Gorski's company, TRAVEL ASSETS.

49.    TRIPPYHITZS's use of the SMOKEBUDDY Marks includes displaying to offer for sale unauthorized copies of Counterfeit SMOKEBUDDY branded products.  TRIPPYHITZS's offering to sell the SMOKEBUDDY counterfeit products, bearing the Infringing Marks in this manner, was, and is, likely to cause

18

confusion or to cause mistake and/or deceive consumers who purchase the Counterfeit Goods.

50.    TRIPPYHITZS used images and names identical to or confusingly similar to the SMOKEBUDDY Marks, to confuse customers and aid in the promotion and sales of Counterfeit Goods under the Infringing Marks.  The Infringing Marks affixed to the Counterfeit Goods that TRIPPYHITZS has offered for sale are confusingly identical or similar to the SMOKEBUDDY Marks that TRAVEL ASSETS affixes to its air filters.  The Counterfeit Goods and TRAVEL ASSETS' SMOKEBUDDY goods are both air filters, and marks identical or confusingly similar to the SMOKEBUDDY marks appear on the Infringing Goods.

51.    The Defendants' Counterfeit Goods travel in identical channels of trade and are sold to identical consumers as TRAVEL ASSETS' genuine SMOKEBUDDY goods.

52.    The air filters that TRIPPYHITZS sells and offers for sale under the Infringing Marks are made of substantially inferior and/or different materials as compared to genuine SMOKEBUDDY brand products.

53.    TRIPPYHITZS has offered its water pipes for sale under the Infringing Marks through its retail convenience store.

54.    TRIPPYHITZS has intentionally caused or knowingly facilitated the infringement of the SMOKEBUDDY Marks by third party retailers.

55.    TRIPPYHITZS knew or had reason to know that its distribution of

19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEON LAW, LLP

waterpipes displaying the Infringing Marks to third party retailers, would cause third party retailers to infringe upon the SMOKEBUDDY Marks by selling and offering to sell waterpipes having the Infringing Marks.

56.    TRIPPYHITZS and OWNERS's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Counterfeit Goods sold by TRIPPYHITZS, and are likely to deceive, and have deceived, the relevant consuming public into mistakenly believing that the Counterfeit Goods sold by TRIPPYHITZS originate from, and are associated or affiliated with, or otherwise authorized by TRAVEL ASSETS.

57.    TRIPPYHITZS and OWNERS's acts are willful with the deliberate intent to trade on the goodwill of the SMOKEBUDDY Marks, cause confusion and deception in the marketplace, and divert potential sales of the Plaintiffs' air filters to TRIPPYHITZS. The Defendants, as both distributors and merchants of tobacco shop goods, are held to the standard of having specialized knowledge in the tobacco shop industry. It is readily apparent that the Defendants, as merchants, have failed to conduct any reasonable inquiry into the authenticity of the goods sold by their distribution shop and have acted with at least willful blindness as to TRAVEL ASSETS and GREGG GORSKI's intellectual property rights in the SMOKEBUDDY Marks. Here, the Defendants sold a counterfeit product purporting to be a SMOKEBUDDY air filter for $6.00 whereas the authentic product is sold at

20

wholesale pricing at roughly $12.00 and has a manufacturer suggested retail price of $24.95 per unit.  In fact, this price is even less than SMOKEBUDDY's cost to produce the product.  Moreover, the counterfeit products offered for sale by the Defendants lacked a holographic authenticity sticker on the rear of the packaging which TRAVEL ASSETS INC has represented is located on all genuine products. Authenticity stickers such as that used by the Plaintiffs to identify genuine products are an industry standard in the smokers article industry, which both retailers and distributors are on notice to look for when acquiring products for inventory.

58.    The Defendants' counterfeit SMOKEBUDDY air filters bear the same UPCs stemming from just one of the SMOKEBUDDY air filters – namely the black SMOKEBUDDY air filter bearing UPC Number 651277420178.  Because each variant of product requires a unique UPC, the Defendants' copying of the UPCs demonstrates that the Defendants undertook these acts willfully, intentionally, and with the intent to profit from SMOKEBUDDY's goodwill.

59.    TRIPPYHITZS and OWNERS's acts have caused damage and immediate irreparable harm to GREGG GORSKI, TRAVEL ASSETS, the SMOKEBUDDY Marks, and to its valuable reputation and goodwill with the consuming public for which SMOKEBUDDY has no adequate remedy at law.

60.    As a proximate result of the unfair advantage accruing to OWNERS and TRIPPYHITZS's business from deceptively trading on GREGG GORSKI and TRAVEL ASSETS' advertising, sales, and consumer recognition, OWNERS, and

TRIPPYHITZS have made profits and gains to which they are not in law or equity entitled.

61.    The injuries and damages sustained by GREGG GORSKI and TRAVEL ASSETS has been directly and proximately caused by TRIPPYHITZS, OWNERS's offers for sale of their goods bearing infringements or counterfeits of the SMOKEBUDDY Marks.

62.    TRIPPYHITZS has contributorily caused harm to GREGG GORSKI and TRAVEL ASSETS through third party retailer sales of goods bearing the Infringing Marks distributed to them by TRIPPYHITZS.

63.    Through such business activities, OWNERS and TRIPPYHITZS purposefully derived direct benefits from their interstate commerce activities by targeting foreseeable purchasers in the State of California, and in doing so, have knowingly harmed TRAVEL ASSETS.

64.    Furthermore, the sale and distribution of Counterfeit Goods by TRIPPYHITZS has infringed upon the above-identified federally registered trademarks.

65.    The spurious marks or designations used by TRIPPYHITZS in interstate commerce are identical with, or substantially indistinguishable from, the SMOKEBUDDY Marks on goods covered by the SMOKEBUDDY Marks.  Such use therefore creates a false affiliation between TRIPPYHITZS, GREGG GORSKI TRAVEL ASSETS, and the SMOKEBUDDY Marks.

22

66.    Due to the actions of OWNERS, and TRIPPYHITZS, GREGG GORSKI and TRAVEL ASSETS has needed to retain the undersigned counsel and pay the costs of bringing an action forward.  OWNERS, and TRIPPYHITZS should be responsible for paying GREGG GORSKI and TRAVEL ASSETS' reasonable costs of the action.

67.    OWNERS, and TRIPPYHITZS's acts have damaged, and will continue to damage GREGG GORSKI and TRAVEL ASSETS, and neither GREGG GORSKI nor TRAVEL ASSETS has an adequate remedy at law.

68.    Moreover, TRIPPYHITZS, OWNERS's wrongful acts will continue unless enjoined by the Court.  Accordingly, OWNERS, and TRIPPYHITZS must be restrained and enjoined from any further counterfeiting or infringement of the SMOKEBUDDY Marks.

**Count One**
**Federal Trademark Counterfeiting and Infringement, 15 U.S.C. § 1114**
(TRIPPYHITZS, INC. and OWNERS)

69.    The Plaintiffs aver Paragraphs 1 through 68, which are stated above, and incorporate the allegations therein, as though they are fully restated in this Count by reference.

70.    GREGG GORSKI owns the federally registered SMOKEBUDDY Trademarks, as set forth in more detail in the foregoing paragraphs, and has granted an exclusive license to use of the SMOKEBUDDY Trademarks to TRAVEL ASSETS.

**LEON LAW, LLP**

71.     The Defendants, without authorization from GREGG GORSKI or TRAVEL ASSETS, have used in commerce a spurious designation that is identical with, or substantially indistinguishable from, the SMOKEBUDDY Trademarks on the same goods covered by the SMOKEBUDDY Trademarks.

72.     The Defendants' unauthorized use of counterfeit marks of the registered SMOKEBUDDY Trademarks on and in connection with the Defendants' offer for sale in commerce is likely to cause confusion or mistake in the minds of the public.

73.     The Defendants' conduct as alleged herein is willful and intended to cause confusion, mistake, or deception as to the affiliation, connection, or association of the Defendants, with GREGG GORSKI, TRAVEL ASSETS, or the SMOKEBUDDY Trademarks.

74.     The Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

75.     The Defendants' actions constitute the use by the Defendants of one or more "counterfeit mark(s)" as defined in 15 U.S.C. § 1116(d)(1)(B).

76.     The Defendants' use in commerce of the counterfeit SMOKEBUDDY Trademarks has resulted in lost profits and business to GREGG GORSKI and TRAVEL ASSETS, which are difficult to determine.  The Defendants have also, by selling counterfeit SMOKEBUDDY products, caused considerable damage to the goodwill of the SMOKEBUDDY Trademarks, and diminished the brand recognition of the SMOKEBUDDY Trademarks by introducing counterfeit products into the

24

marketplace.

77.    By reason of the foregoing, the Plaintiffs are entitled to, among other relief, injunctive relief, an award of statutory damages, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## Count Two
## Federal False Designation of Origin 15 U.S.C. § 1125(a)
(TRIPPYHITZS, INC. and OWNERS)

78.    The Plaintiffs aver Paragraphs 1 through 68, which are stated above and incorporate the allegations therein, as though they are fully restated and incorporated in this Count by reference.

79.    GREGG GORSKI owns the federally registered SMOKEBUDDY Trademarks, as set forth in more detail in the foregoing paragraphs, and has granted an exclusive license to use the SMOKEBUDDY Trademarks to TRAVEL ASSETS.

80.    The Defendants, without authorization from GREGG GORSKI or TRAVEL ASSETS, have used in commerce spurious designations that are identical with, or substantially indistinguishable from, the SMOKEBUDDY Trademarks on the same goods covered by the SMOKEBUDDY Trademarks.

81.    The Defendants' unauthorized use of counterfeit marks of the registered SMOKEBUDDY Trademarks on and in connection with the Defendants' offers for sale in commerce is likely to cause confusion or mistake in the minds of the public.

82.    The    Defendants'    unauthorized    use    in    commerce    of    the

25

SMOKEBUDDY Trademarks as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

83.    The Defendants' conduct as alleged herein is willful and is intended to, and is likely to, cause confusion, mistake, or deception as to the affiliation, connection, or association of the Defendants, with TRAVEL ASSETS or the SMOKEBUDDY Trademarks.

84.    The Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to GREGG GORSKI, TRAVEL ASSETS, and to the goodwill and reputation of the SMOKEBUDDY Trademarks.  Moreover, it will continue to cause damage to GREGG GORSKI and TRAVEL ASSETS and confuse the public unless enjoined by this Court.

85.    GREGG GORSKI and TRAVEL ASSETS have no adequate remedy at law.

86.    By reason of the foregoing, the Plaintiffs are entitled to, among other relief, injunctive relief, an award of statutory damages, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs, TRAVEL ASSETS, INC. and GREGG GORSKI, respectfully requests the following relief against the Defendants, as

26

follows:

1. With regard to the Plaintiffs' Count I for trademark infringement:

   a. Statutory damages under 15 U.S.C. § 1117(c);

   b. Costs of suit under 15 U.S.C. § 1117(a);

   c. Award GREGG GORSKI and TRAVEL ASSETS their reasonable attorneys' fees and costs;

   d. Joint and several liability for OWNERS and other officers, and directors, for the knowing participation in the counterfeiting activities of TRIPPYHITZS, INC..

   e. Preliminarily and permanently enjoining TRIPPYHITZS, INC. and its agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concert or participation with it from:

      i. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment licensing, development, display, delivery, marketing, advertising or promotion of the counterfeit SMOKEBUDDY product identified in the Complaint and any other unauthorized SMOKEBUDDY product, counterfeit, copy or colorful imitation thereof;

LEON LAW, LLP

f.  Pursuant to 15 U.S.C. § 1116(a), directing TRIPPYHITZS, INC. to file with the Court and serve on the Plaintiff's within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which TRIPPYHITZS, INC. has complied with the injunction;

g.  For an order from the Court requiring that the Defendants provide complete accountings and for equitable relief, including that the Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and/or pay restitution, including the amount of money that should have been paid if the Defendants had complied with their legal obligations, or as equity requires;

h.  For an order from the Court that an asset freeze or constructive trust be imposed on all monies and profits in the TRIPPYHITZS, INC.'s possession, which rightfully belong to the Plaintiffs;

i.  For an order requiring the Defendants to produce to the Plaintiffs, within thirty (30) days of entry of a Final Judgment, any and all documents including bank statements and comparable reporting documents from all other financial institutions of which the Defendants are customers including but not limited to banks,

**LEON LAW, LLP**

credit unions, trusts, trust companies, Savings & Loan Companies for the previous three months; and

j. Pursuant to 15 U.S.C. § 1118 requiring that the Defendants and all others acting under the Defendants' authority, at its cost, be required to deliver up to the Plaintiffs for destruction all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of the SMOKEBUDDY Trademarks.

2.    With regard to the Plaintiffs' Count II for false designation and unfair competition:

a. Disgorgement of profits under 15 U.S.C. § 1117(a);

b. Treble damages under 15 U.S.C. § 1117(b);

c. Costs of suit; and

d. Joint and several liability for OWNERS, and other officers, and directors, for the knowing participation in the counterfeiting activities of TRIPPYHITZS, INC..

3.    For such further and other relief as this Honorable Court may deem just and proper.

## Demand for Jury Trial

The Plaintiffs demand a Jury Trial on all issues so triable.

LEON LAW, LLP

29

Date: September 29, 2025

Respectfully submitted,


/s/ *Tomas Carlos Leon.*
Tomas Carlos Leon
CA Bar #321117
Leon Law LLP
1145 W. 55th Street
Los Angeles, California 90037
tommie@leon.law
*Attorney for the Plaintiffs*

**Leon Law, LLP**